STATE OF CONNECTICUT *v.* THOMAS PELZER

Decided June 30, 1958

*Thomas Pelzer,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

By THE DIVISION. The defendant, age thirty-nine, pleaded guilty to a violation of the Uniform State Narcotic Drug Act as a second offender and on January 16, 1957, was sentenced by the Superior Court at Bridgeport to state prison for not less than ten nor more than twelve years.

The defendant had been seen selling narcotics to a twenty-nine-year-old girl. On October 12, 1956, the Bridgeport police, acting on information, raided his room and found one "deck" of heroin on a chair in the bathroom. The defendant readily admitted ownership of the drug.

At the time of sentencing, the court had his previous criminal record, which showed the following:

September 5, 1944—Bridgeport—assault—thirty days.

February 15, 1945—Bridgeport—breach of peace —fined.

May 8, 1945—Bridgeport—assault—thirty days.

August 26, 1945—Bridgeport—taking motor vehicle without permission—three months.

March 10, 1947—Bridgeport—assault—sixty days.

August 20, 1948—Bridgeport—operating motor vehicle without permission—fined $100.

July 1, 1950—Bridgeport—breach of peace—sixty days.

March 18, 1954—Bridgeport—breach of peace— thirty days.

March 22, 1955—Bridgeport—operating motor vehicle without license—no disposition.

March 27, 1955—Bridgeport—operating motor vehicle without license—no disposition.

April 27, 1955—Bridgeport—violation of state narcotics act—one year in jail.

June 15, 1956—Bridgeport—breach of peace—nolled.

October 1, 1956—Bridgeport—breach of peace—nolled.

Defendant complains that there have been others who as second offenders of the narcotics act have received penalties consisting either of money fines or lesser prison sentences. This could have been possible under the penalty provisions existing in our statutes prior to June 30, 1955, but, however that may be, the new provisions which then became effective require a certain minimum money fine or certain minimum imprisonment in state prison, or both, for second offenders. They will tend to establish in the future some uniformity in the minimum sentences for convictions of second offenders.

We have previously discussed the new policy of our legislature in the matter of narcotics penalties. See *State* v. *Revear*, 21 Conn. Sup. 388, 390. The complex nature of the problem, its widespread effect upon all social groups including the growing threat to our youth, the chronic nature of the habit and the large percentage of addicts eventually resorting to crime to obtain the necessary funds or supply to support the habit are reflected in the ever larger penalties being provided for such violators in the laws of other jurisdictions. The increase in 1951 and in 1955 in the penalties of our own Uniform State Narcotic Drug Act accords with the sharply increased penalties called for in the federal laws and those of other states in a widening national recognition of the evils of the narcotic drug traffic and addiction and of the

need for the protection of the public from them. The most stringent laws would be of little use without an adequate enforcement of them.

In the instant case the defendant was an admitted seller of narcotics. A previous conviction for a narcotics violation and confinement in jail for it had failed to deter him from the vice. As a second offender, the more rigorous penalty provisions of the law were necessarily invoked.

The sentence imposed in this case should stand.

Thim, Ryan and Pastore, Js., participated in this decision.