STATE OF CONNECTICUT *v.* JAMES REVEAR

Decided June 30, 1958

*James Revear,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-two, pleaded guilty to a violation of the Uniform State Narcotic Drug Act. On May 10, 1956, in the Superior Court at Bridgeport, he was ordered confined to the state prison for a term of not less than five years and not more than ten years.

On March 29, 1956, the police, acting on information, went to the residence of codefendant Eleanor Hines and there found the defendant and codefendant Belcher. The defendant admitted to the police that he was using narcotics and had used them for a long period of time. The police thereupon went to his residence in another part of the city and searched his room. They found the usual paraphernalia used by addicts.

The only grievance of the defendant is his contention that he has been unfairly treated as compared with others in like position.

As to the defendant's prior criminal activities, the record showed the following:

May 4, 1939—Tampa, Fla.—investigation, breaking and entering—released August 4, 1939.

February 1, 1941—Tampa, Fla.—gambling—fined.

January 24, 1942—Tampa, Fla.—gambling—no disposition.

February 25, 1943—Tampa, Fla.—unarmed robbery—no disposition.

March 29, 1943—Tampa, Fla.—receiving stolen property—no disposition.

March 22, 1944—Tampa, Fla.—drunkenness—no disposition.

October 15, 1952—New York, N.Y.—No. 422 Public Health Law (narcotics)—thirty days suspended sentence.

June 12, 1953—New York, N.Y.—No. 422 Public Health Law (cocaine)—dismissed.

July 27, 1953—New York, N.Y.—No. 422 Public Health Law (heroin)—sentenced to four months in workhouse.

March 3, 1954—Riker's Island, N.Y., N.Y.—No. 422 Public Health Law—four months.

July 23, 1955—New York, N.Y.—No. 3305—Public Health Law (heroin)—ninety days.

The penalty provision of the general statutes relating to narcotics applies to persons who unlawfully possess, use, or sell narcotics. In 1955 the legislature amended this provision and substantially increased the penalty required to be imposed when the law is violated. The provision in effect when the defendant

was sentenced reads as follows: "[Cum. Sup. 1955] Sec. 2103d. Penalty. Any person who violates any provision of this chapter, for the first offense, shall be fined not less than five hundred dollars nor more than three thousand dollars and imprisoned not less than five years nor more than ten years, or be both fined and imprisoned; and for a second offense, shall be fined not less than two thousand dollars nor more than five thousand dollars and imprisoned in the State Prison not less than ten nor more than fifteen years, or be both fined and imprisoned; and for any subsequent offense shall be imprisoned in the State Prison for life. (Effective June 30, 1955.)"

When the court determines under this provision that a defendant should be imprisoned, the minimum term required to be imposed is five years. Prior to 1955 the court was permitted to fix a maximum penalty up to five years. In removing this discretionary power in the court and fixing a minimum imprisonment penalty, it is obvious that the legislature desired more severe punishment imposed upon persons who violate our narcotics laws. The mentality of a user of narcotics is seriously impaired and he often becomes involved in other evil actions. To obtain narcotics he will not only commit other crimes but he will sell the drug to other users. The change in the penalty provision indicates the public attitude toward persons who are apprehended for violating this law and no distinction was drawn by the legislature between the user and seller of narcotics.

When a sentencing judge concludes that a defendant should be imprisoned, a clear legislative mandate requires a minimum sentence of five years in prison. In reviewing a sentence imposed by the court under § 2103d, this court has no authority to order a minimum sentence to state prison of less than five years.

The claim of the defendant that others charged with violation of the narcotics laws were given more favorable consideration prompted this court to review twenty-three cases heard by us involving similar offenses.

In ten of the cases the penalty imposed was five to seven years; in one case, five to eight years; in eight cases, five to ten years; in one case, seven to ten years; and in two cases, ten to twelve years (second offenders). One case involved a theft charge, in addition to a narcotics violation. The penalty imposed was three to five years on the theft charge and five years on the narcotics charge. In two of the cases the prisoners could have been presented as second offenders but for reasons known only to the state's attorney these individuals were only presented as first offenders. Apparently the state's attorney decided that the circumstances of those cases did not warrant presenting the two accused as second offenders.

One case referred to quite often by many defendants who appeared before us was also one involving narcotics. The case was disposed of in the Superior Court at Hartford. The offender was presented on a conspiracy charge instead of being charged with a violation of the law relating to narcotics. He received a sentence of two to five years in prison. The case did not come before us on review but because it was cited so frequently, we examined the file and read the remarks of the state's attorney and the sentencing judge. The court was told that the defendant's health was very poor. He was described as being in need of medical attention. Undoubtedly the sentencing judge was influenced by the representations made to him and for this reason imposed the sentence of two to five years. To us this sentence does not appear to be adequate but we have no opportunity to increase it. A comparable sentence

which is improper because it is too low should not be the basis for reducing sentences imposed in other cases.

In most of these narcotics cases the records indicate that the prisoners were previously involved in some manner with narcotics either in this state or in other states. The records further reveal that opportunities were given to these unfortunate individuals to change their habits.

The mere fact of a variance in comparison with some other sentence does not necessarily indicate an improper sentence in the one under review. The sentencing of persons convicted of similar crimes committed at the same or different times does not yield to exact analysis. From a study of the narcotics cases reviewed by us we conclude that no substantial support can be found for the claim that the sentence imposed in the instant case, when compared with other sentences reviewed by us, was unfair or improper.

The sentence imposed in this case should stand.

Thim, Ryan and Pastore, Js., participated in this decision.