STATE OF CONNECTICUT *v*. ACEVEDO RIVERA

STATE OF CONNECTICUT *v*. PEDRO PEREZ

Decided August 15, 1958

*Acevedo Rivera,* the defendant in the first case, pro se.

*Pedro Perez,* the defendant in the second case, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. Each of the defendants pleaded guilty in the Superior Court to violating the Uniform State Narcotic Drug Act. On April 12, 1956, each was sentenced to state prison for not less than five nor more than ten years.

On March 10, 1956, police acting on information raided a room in a hotel in Bridgeport and found the defendants. A search disclosed a packet of heroin

and the usual paraphernalia used by drug addicts. Both men readily admitted that they were users of narcotic drugs and that they had administered drugs to each other on that very day.

Rivera, twenty-six years old, started to use the drug about eight months before he was arrested. His prior record reveals no arrests for narcotics violations. He was arrested on two prior occasions and both times he was convicted of breach of peace. He was fined $10 in 1953, and in 1954 he was fined $15 and sent to jail for sixty days.

Perez was also an addict. There was no evidence indicating that he was a seller. His prior criminal record shows the instant case to be the first time he has become involved in a crime calling for a sentence to state prison.

The defendants claim that there have been others who, as narcotics offenders, have received lesser sentences. From an examination of other narcotics cases, the grievance relating to the minimum sentences does not support the contention of these two men. The minimum penalty was imposed, and our study reveals that in all cases where the defendant has been sentenced to state prison as a first offender under the statutes relating to narcotics, the minimum was five years. See *State* v. *Revear,* 21 Conn. Sup. 388.

A further grievance of the defendants is that their maximum sentences were too severe. A comparative study of the sentences imposed in narcotics cases appears to recommend some modification of the maximum sentences in these cases. Rivera had only used narcotic drugs approximately eight months. The state's attorney stated there was no evidence to indicate that he was a seller. In his background there is no history of any prior involvement with narcotics.

Perez was thirty-two years old and claims he had been using drugs about one month. In his background there is no history of prior involvement with drugs. He was arrested twice for gaming, and in 1954 at Bridgeton, New Jersey, on a theft charge, he was given a sixty-day jail sentence.

With due consideration of the facts in these cases and in an effort to adjust the sentences to fit the crimes and the offenders, it appears that the maximum in both cases should be reduced.

Accordingly, it is hereby ordered that case No. 12902, State *v.* Rivera, is remanded to the Superior Court with direction to impose a sentence of not less than five nor more than seven years in state prison commencing as of April 12, 1956.

It is further ordered that case No. 12899, State *v.* Perez, is remanded to the Superior Court with direction to impose a sentence of not less than five nor more than seven years in state prison commencing as of April 12, 1956.

Thim, Ryan and Pastore, Js., participated in this decision.