STATE OF CONNECTICUT *v.* ARTHUR N. BELANGER

STATE OF CONNECTICUT *v.* LEO F. MCCANN

Decided October 17, 1958

*Arthur N. Belanger,* the defendant in the first case, pro se.

*Leo F. McCann,* the defendant in the second case, pro se.

*Allyn L. Brown, Jr.,* state's attorney, for the state.

BY THE DIVISION. After trials to the court, the defendants Arthur Norman Belanger, age fifty-three, and Leo Francis McCann, age seventy, were found guilty of violating the Uniform State Narcotic Drug Act. Thereafter, each pleaded guilty as a second offender. On March 18, 1958, each was sentenced to a term of not less than ten nor more than twelve years.

On December 11, 1957, the defendants entered a restaurant in East Lyme, Connecticut. They were acting in a peculiar manner, did not walk properly and were mumbling and talking to themselves. After leaving the restaurant, Belanger tried to enter two homes but each time was ejected by the occupants. He then entered a gasoline station, ransacked the

drawers of a desk and later ran around the yard of the station. McCann, who was in a dazed condition, was also present at the gasoline station. Police arrived and took both men into custody. At the police barracks, the officers found the usual equipment of the drug addict in the pockets of a coat belonging to Belanger. McCann had on his person three empty vials and some heart pills. Both men had numerous scars and needle marks on their arms and admitted being addicts.

The trial court had the following prior criminal record of Belanger:

October 9, 1928—Winston, N.C.—violation of hotel law—fined.

January 25, 1932—Easton, Pa.—loitering—fined.

1936—Atlanta, Ga.—stealing gasoline from car— fined.

February 22, 1937—Atlanta, Ga.—simple larceny —fined and three months in jail, execution of sentence suspended.

1938—New York, N.Y.—vagrancy—thirty days in jail.

May 9, 1939—New York, N.Y.—vagrancy—thirty days.

June 27, 1939—New York, N.Y.—petty larceny— sixty days.

March 2, 1941—Miami, Fla.—violation state narcotics law—six months in jail.

July 31, 1942—Keene, N.H.—violation of federal narcotics law—one year and one day, execution of sentence suspended and placed on probation for two years.

September 11, 1943—Binghamton, N.Y.—dope addict—fined.

April 13, 1944—Baltimore, Md.—larceny—ten days in jail.

April 19, 1944—Concord, N.H.—violation of Narcotic Drug Act and violation of probation—committed to Lexington, Ky. for one year and one day.

November 29, 1945—Meriden, Conn.—violation of narcotics law—one year in jail.

December 17, 1946—Howard, R.I.—violation of narcotics law—case pending.

March 25, 1948—Leesburg, Fla.—dope addict—released.

November 25, 1948—Canandaigua, N.Y.—larceny—sixty days in jail.

April 22, 1949—Jacksonville, Fla.—violation state narcotics law—five years.

November 30, 1953—Wyoming, Pa.—burglary and larceny—fined and six months in jail.

July 12, 1955—Oneida, N.Y.—unlawful possession of narcotics instrument—four months in jail.

November 19, 1955—Malone, N.Y.—fraud and deceit in obtaining narcotics prescription—four months in jail, execution of sentence suspended and fined.

December 2, 1955—Watertown, N.Y.—violation of health law (drugs)—one year in jail, execution of sentence suspended.

The prior criminal record of the defendant Leo Francis McCann showed the following:

June 8, 1923—Detroit, Mich.—confidence man—discharged.

November 11, 1931—Boston, Mass.—attempted larceny and confidence man—fined and six months in jail, execution of sentence suspended.

December 21, 1932 — New York, N.Y. — coin matcher—discharged.

November 30, 1935—Boston, Mass.—violation of narcotics law—two years in jail, execution of sentence suspended and three years probation.

January 22, 1937—Springfield, Mass.—possession of narcotic drugs—nine months to two years in jail.

September 2, 1939—Boston, Mass.—violation of probation— eighteen months in jail.

December 15, 1942—uttering prescription for narcotics—ten months in jail.

April 14, 1946—Jacksonville, Fla.—confidence man and vagrancy—discharged.

October 5, 1949—Boston, Mass.—false and altered prescription for narcotics—one year and one day in jail.

January 12, 1957—Thomaston, Me.—obtaining money by false pretenses—one to two years in jail.

In addition to the foregoing, the defendant Mc-Cann, under other names, or combination of his names, had a further record beginning in 1910 and extending to 1923, when the foregoing record began, and even beyond that date. Significant among these was an arrest, October 20, 1910, in Worcester, Massachusetts, for larceny, for which he was sentenced to the Massachusetts reformatory for five years. Also included was a conviction on November 11, 1931, in Boston, Massachusetts, when he was fined for an attempted theft and as a coin matcher, receiving six months in the house of correction, suspended for one year. Interspersed between these dates were fines which were levied upon him for interfering with an officer, several for drunkenness, one for assault and battery, and a number of arrests

on miscellaneous charges, including larceny, upon which no action appears to have been taken.

The defendants urged the trial court to suspend the sentences and invoke probation, and counsel and the court discussed the approach to the narcotics problem elsewhere and in Connecticut. We have discussed certain aspects of the narcotics evil and of the policy of our state in respect to narcotics violations in *State* v. *Revear*, 21 Conn. Sup. 388, and *State* v. *Pelzer*, 21 Conn. Sup. 392.

In the present cases, the trial court was reasonably warranted in refusing to suspend the sentences and admit the defendants to probation. The conviction of the defendants as second offenders made compulsory the minimum imprisonment term of ten years, once the court deemed confinement required.

The defendant McCann observed before us that in view of the fact that his age was seventy when he was sentenced, the minimum term imposed was tantamount to a life sentence for him. As much as one may feel sympathetic in such a situation, sympathy cannot properly serve as a basis for a modification of a sentence by this division, as otherwise changes of sentences could be granted to some and not to others in the discretion of the division, showing favor only where it chose. This would be subversive of the objectives of the review procedure, which include an attempt to achieve more rational sentences and greater equality of treatment between offenders. A request for a change based on considerations of clemency is more properly addressed to the board of pardons. Furthermore, the statute does not permit the court to impose a minimum sentence of confinement of less than ten years in view of the second offender conviction. The trial court having decided that a prison sentence was

necessary, a minimum term of not less than ten years was mandatory.

The sentences in both cases are affirmed.

Thim, Ryan and Pastore, Js., participated in this decision.