STATE OF CONNECTICUT *v.* WARREN F. LYMAN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 8, 1965

*Jerrold H. Barnett,* of New Haven, for the defendant.

*George R. Tiernan,* state's attorney, for the state.

By THE DIVISION. On December 10, 1964, the defendant, age twenty-five, pleaded guilty both to the crime of burglary and to being a third offender. On December 23, 1964, he was sentenced to the state prison for a term of not less than six nor more than thirty years. The penalty provided for a violation of General Statutes § 53-68, the burglary statute involved, is not more than twenty years, and § 54-121, the repeated offender statute, provides that in such a case as this the sentencing court shall sentence a person guilty of a violation thereof, and as provided, to not more than thirty years in state prison.

On the night of November 20, 1964, this defendant and three codefendants broke into a home in Milford, Connecticut. From there they feloniously carried away a shotgun and assorted other items of personal property among which was a coin collection, the latter having a face value of $1200 and a numismatic value in excess of that amount. The shotgun, so removed, was then trimmed and made into a sawed-off weapon. Thereafter, this defendant admittedly planned bank robberies and, in furtherance thereof, actually "cased" a Milford bank. Funds obtained in New York as a result of

the sale of the coin collection provided several carbine rifles and a .38 caliber revolver and the wherewithal for a trip to Salt Lake City, Utah, from which this defendant was returned to Connecticut by authorities.

The defendant has a record of at least fifteen arrests and twelve convictions for crime over a period of ten years. These include, among others, statutory burglary, breach of the peace, taking a motor vehicle without permission, operating a motor vehicle while his license was suspended, theft, breaking and entering, and several commitments for violation of probation. He has served one reformatory term and two terms in state prison.

Counsel has based his argument and brief on the fact that this defendant has fared worse than a codefendant, one Greenhalgh. The latter was sentenced to state prison for a lesser term, namely, not less than four years nor more than nine years (No. 13248, sentence December 8, 1964). The defendant claims inequality of treatment as to sentence and declares this to be contrary to the stated objectives of this division. *State* v. *Belanger*, 21 Conn. Sup. 463.

In presenting the accused for sentence, the state's attorney recommended the sentence as imposed. The transcript demonstrates that the accused and his counsel requested, took part in and agreed to the sentence as recommended and imposed. The matter of Greenhalgh is of little bearing. The records of these men are entirely dissimilar. A transcript of the record of Anthony Greenhalgh discloses that his previous convictions of crime, two before the one under consideration, occurred on September 22, 1963, and November 11, 1964. As may be seen, a far shorter period of crime is

involved than in the Lyman sentencing, and further, Greenhalgh never served a sentence. Incarceration, while the first for Greenhalgh, has occurred in the case of Lyman a number of times. Greenhalgh was not charged with being a multiple offender.

Certainly, the sentencing court, in arriving at that which we find to be a sound and fair sentence, has given due consideration to equality of sentence as to these codefendants. Where, as here, proper balances have been struck in resolving the significant elements of the three basic factors to a conviction—the offense, the offender and community—there exist no grounds for complaint.

The direction and end to which the design of sentencing is to tend is clear. "A goal of sentencing is objectivity and equality (not uniformity); but the purpose of sentencing is the purpose of the state's penology—a rehabilitative system consistent with public protection." Rubin, Weihofen, Edwards & Rosensweig, Criminal Correction, c. 4, § 27, p. 149.

This sentence is proper and must stand.

Meyers, Palmer and Barber, Js., participated in this decision.