### STATE OF CONNECTICUT *v.* THOMAS E. BURNS

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 30, 1965

*Frank J. DiSesa*, of Stamford, for the defendant.

*Otto J. Saur*, state's attorney, for the state.

BY THE DIVISION. The defendant, aged seventeen, pleaded guilty to an information charging him with two counts of robbery with violence, violations of

General Statutes § 53-14. By this statute is provided a penalty, on each count, of imprisonment for not more than twenty-five years. On May 19, 1964, this defendant was sentenced to the reformatory at Cheshire for a period of five years and a day on each count, the sentence to run concurrently. Counsel in urging a reduction of this sentence bases his claim on inequality of sentence. He has used for comparison the sentences meted out to certain codefendants in these robberies. There follows some references which are pertinent.

The records disclose that on the night of December 28, 1963, Alan Viesto and Donald Schmahl entered a liquor store in Darien and took part in a holdup of the proprietor, taking from him between $200 and $300 in cash. The weapons used in this robbery included an unloaded .45 Colt and a loaded .32 caliber revolver. This accused, Thomas E. Burns, was the operator of the getaway car, in which the three men proceeded to a rendezvous and split the money so that they all shared in the proceeds of this robbery.

The second count accuses this defendant and Gerald Conetta of another holdup on December 29, 1963, when these men were armed with the identical weapons, this defendant holding the one which was unloaded, the .45 Colt automatic. This armed robbery took place in a delicatessen store in Stamford, and while Burns and Conetta were holding the wife of the owner and a woman customer by these arms and under violent threat, these men removed approximately $400 in cash from the store register. Thereupon the robbers left the store and entered a getaway car which was then being operated by Viesto. Together they proceeded to a second rendezvous and split what they claim was less than the amount stated to have been taken.

Schmahl had taken part in two holdups and had previously received a sentence identical with that given Burns. Conetta pleaded guilty to the second count only and as a first offender was sentenced to the Cheshire reformatory for an indeterminate term. The same occurred with Viesto who, though he had a part in both holdups, had no serious other criminal involvement or record.

However, the defendant Burns, as a juvenile, had been committed to the Connecticut school for boys on August 23, 1961. Burns, in addition to his prior commitment and while out on bond pending the charges here involved, proceeded to get into trouble again, this time in the presence of police. This included his abuse of the operators of a public eating place on March 20, 1964, at 11:35 p.m. The charges were disorderly conduct and resisting an officer. On April 22, 1964, this defendant was once more apprehended on similar charges, for, with no reason other than his desire to do so, he foully abused a female motor vehicle operator and three children who were passing him in a motor vehicle. Though he tried unsuccessfully to escape from the police headquarters on this occasion, he was apprehended at the doorway. The adult probation report describes Burns as hostile to the community.

The court in sentencing Burns, citing his youth, properly indicated that effort at rehabilitation was here definitely in order. The court felt, however, that this accused required a substantial period of confinement together with ". . . certain restrictive provision that he has never had."

This division concludes that no inequality of sentence exists here. It has been stated that the goals of sentencing remain objectivity and equality but not necessarily uniformity. A purpose is the employment of a rehabilitative program consistent

with need and public protection. *State* v. *Lyman,* 26 Conn. Sup. 70. The latitude of determination of such a question is wide in the administration of the Cheshire reformatory.

The sentence of Thomas E. Burns is fair and just. It must stand.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.