STATE OF CONNECTICUT *v.* CHARLES H. HARROLD

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 18, 1968

*A. Arthur Giddon,* assistant public defender, for the defendant.

*Edward J. Daly, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, aged sixty, pleaded guilty to a violation of the Uniform State Narcotic Drug Act (General Statutes § 19-246) and conspiracy to violate the act (§ 54-197.) The penalty for a violation of the first count (possession) is a fine of not less than $500 nor more than $3000 and imprisonment of not less than five nor more than ten years or both. § 19-265. The penalty for a violation of the second count is a fine of not more than $5000 or imprisonment of not more

than fifteen years or both. The state's attorney stated to the court that the conspiracy count was added at the request of defense counsel so that he could argue for a lesser sentence on the second count than the minimum term required under the first count. Defense counsel sought such a sentence, requesting a suspended judgment on the first count. The court imposed a sentence recommended by the state's attorney of not less than five nor more than six years on both counts, the sentences to run concurrently.

The defendant, who has a long record of engaging in illegal activities, involving violations of the liquor law, gambling, assault and battery, and policy, was found to have in his possession in a motel room a one-pound brick of marihuana and sixty-two sealed bags, and other bags of the same type, of this drug. When inquiry was made of him by the court as to where he received the money to purchase this amount of marihuana or what he intended to do with it, the defendant was evasive and replied, "I'm prepared to take the consequences whatever." When the court determined under the first count that the defendant should be imprisoned, the minimum term required to be imposed was five years. So, when the sentencing judge concluded that this defendant should be imprisoned, a clear legislative mandate requires a minimum of five years in prison. In reviewing a sentence imposed by the court under § 19-265, this Division has no authority to order a minimum sentence to state's prison of less than five years. *State* v. *Revear,* 21 Conn. Sup. 388, 390. For the reasons stated, this sentence should stand.

HEALEY, BARBER and WALL, Js., participated in this decision.