[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 13, 1993 Date of Application May 19, 1993 Date Application Filed May 21, 1993 Date of Decision November 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland.
Docket No. CR91-45824;
Hubert J. Santos, Esq., Defense Counsel, for Petitioner. CT Page 14271
Nina Rosen, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After being advised of his right to present his petition before three judges of the Division, and after discussing the matter with his attorney, petitioner waived such right and elected to proceed with two judges.
After trial by jury, petitioner was convicted of larceny in the first degree in violation of General Statutes § 53a-122; accessory to larceny in the first degree in violation of §53a-122; § 53a-8; and, accessory to burglary in the third degree in violation of § 53a-103; § 53a-8. As a result of such conviction on the first and second count, sentences of 18 years execution suspended after 9 years with 5 years probation were imposed. On the third count a sentence of 5 years was imposed. All sentences were to run concurrently for a total effective sentence of 18 years execution suspended after 9 years, 5 years probation with certain terms and conditions. Terms of probation included a requirement for restitution in the amount of $75,000.00.
The facts underlying petitioner's conviction indicate that petitioner went to the victim's home for business purposes. At a previous time, petitioner and the victim had discussed certain rare coins which the victim owned. At the time of petitioner's visit, the victim showed petitioner the coins and the location of the safe within which his coin collection was kept.
Petitioner engaged two men to burglarize the victim's home and steal the coins together with other items of personal property. The total loss to the victim was about $81,000.00
An investigation into the crime disclosed that after the burglary petitioner sent some of the stolen coins to a firm in Ohio for appraisal. A search warrant executed on petitioner's property led to the recovery of about $20,000.00 worth of the CT Page 14272 stolen coins. The remainder of the coins are unaccounted for.
Petitioner's attorney argued that the sentence imposed was excessively disproportionate and should be reduced. In support of his argument, the attorney submitted extensive statistical information designed to show that the sentence imposed was out of proportion to sentences normally imposed for this type of crime. The attorney argued that considering petitioner's prior accomplishments and the fact that no violence was involved in the crime, the sentence imposed should have been much lower. In requesting a modification of sentence, the attorney introduced evidence of petitioner's good character and the fact that he had no prior criminal record. Petitioner was a successful businessman with a good family. It was also pointed out that petitioner had an outstanding naval record which involved two tours of duty in Vietnam and eleven years of service in the Reserves.
Speaking on his own behalf, petitioner stressed his prior good record, his military record and that he was now a convicted felon having lost everything. Petitioner lamented the fact, that as a result of his conviction, he had suffered severe financial loss and was now in debt.
For the reasons stated above, petitioner and his attorney urged the Division to modify the sentence.
The State's attorney argued against any reduction in sentence. She stated that the judge, in imposing sentence, was well aware of defendant's background and prior accomplishments. The attorney pointed out that the crime here resulted from petitioner's desire to possess the coin collection of the victim. As a result of the crime, the victim suffered a loss of his private collection, some of which had great sentimental value. The attorney further pointed out that petitioner has never accepted responsibility for the offense, and that many of the coins are still unaccounted for. She stated that at the time of sentencing the State requested a sentence of 12 years to serve. Under the circumstances, the attorney urged the Division not to reduce the sentence.
The function of the Sentence Review Division is to review sentences in accordance with Connecticut Practice Book § 942 to determine whether or not the sentence falls within certain CT Page 14273 broad parameters indicating fairness under the circumstances of the particular case. Statistical information normally is not a great assistance in evaluating specific cases. Each case must be considered on its own facts to determine if the sentence imposed was fair. The sentencing of persons convicted of similar crimes committed at the same or different times does not yield to exact analysis. State v. Reveras,21 Conn. Sup. 388, 392 (1958). Here the sentencing judge was required to impose sentence on a 49 year old man with a prior exemplary record. The court properly took into consideration all of the factors involved, particularly the reasons why petitioner committed the offense, the effect of his criminal conduct on the victim and his refusal to accept responsibility for his criminal conduct.
Considering all of the factors involved, the sentence should not be modified. It is appropriate and not disproportionate in light of the nature of the offense and the character of the petitioner.
Sentence affirmed.
Purtill, J.
Norko, J.
Purtill, J. and Norko, J. participated in this decision.