STATE OF CONNECTICUT *v.* OSCAR VIBERT

Decided September 25, 1958

*Nathan Aaron,* for the defendant.

*Albert S. Bill,* state's attorney, for the state.

BY THE DIVISION. The defendant, age forty-seven, pleaded guilty to injury or risk of injury to children and on June 13, 1957, was sentenced by the Superior Court to state prison for not less than three nor more than seven years.

On April 6, 1957, the police were notified that a man was molesting young boys at the science fair being held at the West Hartford armory. When the police arrived, they observed the defendant with his arm around the waist of a thirteen-year-old boy. The boy told the police that the defendant had accosted him and asked if he wanted a coke. The boy tried to pull away from the defendant but could not. When the boy stated he wanted to go home, the defendant went along with him and kept his arm around the boy's waist. Investigation also revealed that defendant had hugged a ten-year-old boy at the fair.

The defendant's prior criminal record before the court showed the following:

September 28, 1948—Hartford—impairing morals of a minor—sentenced by the Superior Court to one year in jail with execution suspended after four months and probation for the unexpired portion and fined.

June 27, 1950—Hartford—injury or risk of injury to children—nolled.

September 16, 1952—Hartford—indecent assault —sentenced by the Superior Court for not less than eighteen months nor more than five years in the state prison (defendant says he served all but five months of this sentence when admitted to parole); a further charge of injury or risk of injury to children was nolled.

The conviction of September 28, 1948, involved two young girls. The defendant sat down next to them in a theater and offered them gum and then fondled one of them. The charge on June 27, 1950, arose out of attention which the defendant was giving a young boy, but the charge was nolled because there was no actual touching of him. The conviction

of September 16, 1952, involved the fondling of the privates of a nine-year-old boy.

Defendant claims his sentence is excessive in itself and also in comparison with that of another certain offender convicted with respect to a different transaction but of the same charge, and sentenced a few weeks earlier in the same court, by the same judge who imposed the present sentence. The file shows that in that case the sentence was also to state prison for a term of from three to seven years, but the reasoning of the present defendant is that since that other offender had a worse previous record for sex offenses than himself, in the instant case the sentence should have been lighter than that one. This basis of comparison does not take into account pertinent factors personal to an offender which must be considered in adjusting a sentence to his need and which could result in a proper variation in sentences even in cases where more than one offender has participated in the very same transaction which constitutes the crime. The process of sentencing is not an arithmetical or mechanical one depending merely upon the number of previous convictions, which are factors of varying weight and significance, among other pertinent considerations, depending on surrounding circumstances.

In the present case, the trial court had before it the presentence investigation report of this defendant in addition to medical reports. The question of the mental health at the time was one of the factors among others which the trial court was bound to consider. Also, the defendant had been advised by his counsel what would be the recommendation, which was made, as to the sentence. Furthermore, it should be noted that in crimes involving injury or risk of injury to children, relatively more severe sentences may be justified where the circumstances reasonably warrant it, for several reasons.

There is need for protecting the young from their own indiscretions of this nature, who are not infrequently led into them by the enticements held out, or decoys contrived, for the purpose by an offender. Furthermore, in this type of offense, convictions may not follow the earlier instances of the commission of them, and difficulty of proof is not infrequently encountered by prosecuting authorities in presenting a violation in court.

The sentence imposed in this case is found proper and should stand.

Thim and Pastore, Js., participated in this decision.