STATE OF CONNECTICUT *v.* JOHN SALTA

Decided October 17, 1958

*John Salta,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

By THE DIVISION. After a court trial, the defendant, age forty-three, was found guilty of the crime of rape. On September 22, 1953, he was sentenced by the Superior Court to state prison for a term of not less than fifteen nor more than twenty-five years.

The defendant lived with his wife and a nine-year-old daughter, who was a deaf mute, in the town of Newtown. Because the defendant and his wife worked, they engaged a thirteen-year-old girl to care for their child. After the girl had been employed for about three weeks, her mother, learning of the defendant's reputation, questioned the girl and learned that the defendant had on a number of occasions had sexual relations with the girl.

The prior criminal record of the defendant was as follows:

March 31, 1927—New York, N.Y.—impairing morals of a minor—discharged.

July 21, 1927 — New York, N.Y. — rape — discharged.

May 15, 1929—New York, N.Y.—rape—acquitted.

March 8, 1930—New York, N.Y.—rape—changed to assault, third degree—committed to reformatory.

August 11, 1933—New York, N.Y.—unlawful entry and possession of burglars' tools—discharged.

July 1, 1952—Stamford, Conn.—three counts of indecent assault—sentenced, first count, four months; second count, eight months, and third count, four months, sentences to run consecutively.

Defendant complains that his sentence is too severe. He explains that although he had been arrested several times in the past for rape, he had been acquitted because when the time came he had been able to prove where he had been at the time of the alleged offenses. During the trial, the judge had a good opportunity to weigh and consider factors personal to the defendant in connection with the evidence produced at the trial. Under such circumstances, the opinion of the trial judge as to the appropriateness of a sentence deserves great weight.

In determining what a proper sentence was, the court owed a duty to the public as well as to the defendant. The prior record of the defendant taken as a whole is not without significance. In view of this, the maturity of the defendant, the youth of the girl victim, the breach of the trust placed in the defendant by the parents of the victim, the high personal and moral injury to the victim usually associated with such practices and the need for protecting the public from this defendant as well as from others who may be similarly inclined, the trial court was reasonably warranted in imposing a sentence in the upper portion of the penalty range provided by law for such crimes.

Accordingly, the sentence imposed in this case is affirmed.

Ryan and Pastore, Js., participated in this decision.