STATE OF CONNECTICUT *v.* JOSEPH A. LAMBO

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 31, 1967

*Eugene L. DeFronzo,* of Waterbury, for the defendant.

*Walter M. Pickett, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, age seventeen, pleaded guilty to the charge of indecent assault and was sentenced to an indefinite term in the Connecticut reformatory. The effective commitment by the trial court was not more than five years, with a basic minimum of fifteen months on good behavior. The maximum statutory penalty for the crime of indecent assault is not more than ten years. General Statutes § 53-217.

The defendant was employed as an orderly in the x-ray department at St. Mary's Hospital in Waterbury. The victim, age eight, was a patient in the hospital. While taking her to the x-ray department, the defendant wheeled her into the elevator, stopped the elevator, put his hand down into the victim's pajamas pants and put one finger inside of her, causing her pain. He repeated the act again after he told her to put her feet on the front of the wheelchair, and again after he told her to stand up.

Defendant has a juvenile record. On November 8, 1962, he was committed to Meriden school for

boys on multiple charges of breaking and entering and theft of a motor vehicle. His adult record shows two convictions in 1965 for breach of the peace, both of which involved annoying, suggestive remarks to females.

A treating psychiatrist reported that the defendant is not seriously ill psychiatrically but has a character disorder manifested by psychosexual immaturity. The presentence report states that defendant has problems which have now reached a stage that is of concern to society. It appears that the defendant had minimal control over his urge to physically touch the victim at the hospital, although he was married and living with his wife and child at the time of this offense. The court suggested that the defendant might need some further psychiatric treatment but concluded that he should be committed to the reformatory.

Sex offenses where young children are molested justify relatively severe sentences where the circumstances warrant. *State* v. *Vibert,* 21 Conn. Sup. 434, 436. Often it is necessary to protect the community by the removal of the offender for a period of time and to impress him with the seriousness of his present offense and the pattern of his behavior which preceded it. The background and facts relevant to defendant's commitment warrant the sentence imposed.

For the above reasons, the sentence as imposed is fair and must stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.