[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence October 27, 1993 Date of Application November 15, 1993 Date Application Filed November 16, 1993 Date of Decision September 26, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR4-203238;
Timothy C. Moynahan, Esq., Counsel, for Petitioner.
Edward Ricciardi, Esq., Supervisory Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of criminal attempt to commit larceny in the third degree in violation of General Statutes § 53a-124 (a)(1) and § 53a-49; interfering with a police officer in violation of § 53a-167a; false statement in violation of § 53a-157 (a), and criminal attempt at hindering prosecution in the first degree in violation of § 53a-166 (a) and § 53a-49.
As a result of such conviction on the first count, a sentence of five years was imposed. Consecutive sentences of one year on each count were imposed on the second and third counts and a five year consecutive sentence was imposed on the fourth. The total effective sentence was twelve years execution suspended after seven years five years probation with certain terms and conditions. CT Page 11875
The facts underlying petitioner's conviction indicate that on September 18, 1991, a woman reported to police that her 1991 S-10 Chevrolet Blazer had been stolen. The vehicle was later recovered in an abandoned area in a nearby town. It had been stripped with numerous parts missing. When the vehicle was towed to an auto body shop, the owner informed police that the Blazer had been stripped by someone obviously skilled at dismantling vehicles. Investigation by the police led to the execution of a search and seizure warrant at petitioner's home on September 30, 1991. Upon executing the warrant, the officers seized a 1988 Chevrolet Blazer which had recently been painted. It was noted that the grill did not fit properly and that there was an engine compartment hood-like fixture with cut wires. Other factors indicated that the hood did not belong to the vehicle. The Blazer was impounded and examined closely. The wires on the light fixture were later found to match exactly the wires on plaintiff's vehicle. Plaintiff provided a title to the vehicle parts but it was established that the title could not possibly be to the parts of the vehicle. Petitioner informed the police that he purchased the Blazer at a salvage auction, and that his sons had put the nose of this Blazer on a 1988 Blazer and painted it black. This information proved to be false.
Based upon this information, petitioner was arrested and charged with a larceny offense and giving a false statement. Subsequently, the tires and wheels from the Blazer were stolen from the impound lot.
Petitioner's attorney argued for a reduction in sentence claiming that the sentence imposed was both inappropriate and disproportionate and should be reduced for all of the reasons set forth in Connecticut Practice Book § 942.
It was argued that the sentence imposed was too harsh and was inconsistent with other sentences in similar cases. To illustrate this point, counsel listed a number of cases involving similar or more serious offenses in which lesser sentences were imposed.
Counsel argued that unlike some of the listed cases, petitioner's offenses involved no violence or the threat of any violence.
It was also argued that the judge was influenced by an ex parte communication from the police. In the discussion concerning CT Page 11876 this communication at sentencing the attorney then representing petitioner moved for a mistrial. It is now argued that the judge overreacted to this motion and became incensed. Counsel claims that the judge's displeasure resulting from the motion contributed to the disproportionately long sentence.
It was argued that all of these factors combined to produce an improper sentence. The attorney also pointed out that the probation officer who prepared the presentence investigation recommended probation.
Considering all of the factors above recited, a substantial reduction in sentence was requested.
The State's attorney opposed any reduction in sentence. He pointed out that petitioner was convicted of four separate crimes after a six week jury trial during which the sentencing judge had an opportunity to observe petitioner and listen to the evidence. The sentence was imposed after a lengthy hearing with petitioner being given the opportunity to present numerous mitigating factors. The sentence imposed was less than that recommended by the state and less than authorized by statute. The State's attorney argued that considering all of these factors and petitioner's prior criminal record, the sentence should not be reduced.
Petitioner has claimed that the sentence is disproportionate when compared with other similar or more serious offenses. The listing of other similar cases in which different sentences were imposed is not always helpful to our determination. The sentencing of persons convicted of similar crimes committed at the same or different times does not yield to exact analysis.State v. Revear, 21 Conn. Sup. 388, 392 (1985). "The process of sentencing is not an arithmetical or mechanical one depending merely upon the number of previous convictions, which are factors of varying weight and significance, among other pertinent considerations, depending on surrounding circumstances." State v.Vibert, 21 Conn. Sup. 434, 436 (1958). For a proper comparison it would be necessary to consider all of the pertinent factors personal to an offender which would have to be considered in arriving at an appropriate sentence. This process often results in a variation in sentences.
Here an experienced trial judge had an opportunity to weigh and consider factors personal to the defendant in connection with CT Page 11877 the evidence produced at trial. Under such circumstances the opinion of the trial judge as to the appropriateness of a sentence deserves great weight. State v. Salta,21 Conn. Sup. 477, 479 (1958).
A review of the transcript indicates that the ex parte communication did not play a significant part in the sentencing hearing. The judge indicated that he would afford this document little weight. Also it cannot be found that the sentencing judge was unduly disturbed by the motion for mistrial.
The function of this Division is to determine whether or not a particular sentence falls within a permissible range considering the offense and the circumstances. Considering all of the factors which bear upon the sentence imposed, in light of the scope of review imposed by Practice Book § 942, it cannot be found that the sentence imposed was inappropriate or disproportionately harsh.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.